**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GREGORY J. BARTHOLOMEW,              :
                                    :  Civil Action No. 10-3666 (FLW)
             Petitioner,            :
                                    :
        v.                          :       O P I N I O N
                                    :
MICHELLE RICCI et al.,               :
                                    :
             Respondents.           :
_____:

**APPEARANCES:**

Gregory J. Bartholomew, Pro Se
420190/987301A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Meghan Marie Clark, Assistant Prosecutor
Ocean County Prosecutor's Office
119 Hooper Avenue, P.O. Box 2191
Toms River, NJ 08754
Attorney for Respondents

**WOLFSON, District Judge**

Petitioner, Gregory J. Bartholomew, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Michelle Ricci, and the Attorney General of the State of New Jersey. Respondents have filed an Answer, asserting that the petition is time-barred. Further, Petitioner filed two motions which remain pending on the docket.

For the reasons stated herein, the petition and pending motions will be dismissed, without prejudice, as time-barred.[1]

## BACKGROUND

According to the petition, Petitioner was convicted for robbery and related charges, and was sentenced on May 31, 2001, in the Superior Court of New Jersey, Ocean County, to 35 years to life incarceration without parole, under New Jersey's Persistent Offender Accountability Act, or the "three strikes law." (Petition, ¶¶ 1-3). Petitioner states that the convictions and sentence were affirmed by the Superior Court of New Jersey, Appellate Division ("Appellate Division"), and that his petition for certification to the New Jersey Supreme Court was denied on September 4, 2003. (Pet., ¶¶ 8-11). Respondents note that the petition for certification was actually denied on September 8, 2003. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (Pet., ¶ 9(h)).

On August 10, 2004, Petitioner filed a motion for post-conviction relief ("PCR") in the trial court, which was denied without an evidentiary hearing. (Pet., ¶ 11). Petitioner

---

[1] Petitioner's motions include a motion to file a traverse out of time, and a motion to amend his petition. This Court finds that dismissal of the petition, without prejudice, is proper, despite the pending motions, as the petition is clearly time-barred. Petitioner's motions will be dismissed as moot, as the traverse and motion to amend speak to the claims asserted in the petition. However, Petitioner may move to reopen this case, and reinstate his motions, as set forth in this Opinion, infra.

2

appealed to the Appellate Division, which affirmed the PCR denial on May 4, 2009. On July 20, 2009, the New Jersey Supreme Court denied certification. (Pet., ¶ 11).

Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 on July 18, 2010. He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) on November 23, 2010. An Order to Answer was issued, and on May 9, 2011, Respondents filed the Answer and relevant state court record. Petitioner has since filed two motions, which remain pending on this Court's docket (docket entries 13 and 14). Respondents filed a brief in opposition to the motions (docket entry 16).

In his habeas petition, Petitioner argues that he is entitled to habeas relief based on various grounds, including, trial court errors, constitutionally-deficient jury procedures, prosecutorial misconduct, and ineffective assistance of counsel, amongst other reasons. In their Answer, Respondents argue that Petitioner's grounds for relief have no merit, and that the petition is untimely and unexhausted.

## DISCUSSION

### A. Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520

3

(1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**B.    The Petition is Time-Barred**

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period pursuant to § 2244(d)(2), a state petition for post-conviction relief must be "properly filed." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected as untimely under state statute of limitations was not "properly filed" for purposes of § 2244 (d)(2)).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of

6

Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, the judgment against Petitioner was entered on May 21, 2001. Petitioner's direct appeal concluded on September 8, 2003, and the last date on which Petitioner could have petitioned the

United States Supreme Court for certiorari would have been December 8, 2003. Thus, the conviction became "final" on that date. Petitioner had one year to file an application for a writ of habeas corpus in this Court, challenging his conviction.

Petitioner expended eight months of his limitations period prior to filing his PCR motion on August 10, 2004 and statutorily tolling his limitations period. Of course, during the pendency of his PCR motion, the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), until July 20, 2009, when the New Jersey Supreme Court denied certification. Afterwards, Petitioner expended approximately twelve more months prior to filing this habeas petition in this Court on July 18, 2010.

Thus, it is clear from his own admissions in the petition, that this petition is untimely. The eight months expended prior to filing the PCR motion, plus the twelve months after the PCR motion proceeding through state court until Petitioner filed this habeas petition, demonstrate that the petition is barred by the limitations period.

As pled, Petitioner asserts no facts that would indicate that his petition should be equitably tolled. Accordingly, this petition must be dismissed as time-barred. All pending motions will be dismissed as moot.

**CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

9

**CONCLUSION**

For the reasons set forth above, the petition, and pending motions, are dismissed, without prejudice.  If Petitioner can demonstrate that his petition should be statutorily or equitably tolled, he may file a motion to reopen the case, setting forth his argument clearly and concisely, for this Court to consider.  An appropriate order follows.

                                             *s/Freda L. Wolfson*
                                             FREDA L. WOLFSON
                                             United States District Judge

Dated: November 21, 2011