**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
GREGORY J. BARTHOLOMEW,              :
                                    :   Civ. Action No. 10-3666 (FLW)
            Petitioner,              :
       v.                            :
                                    :
MICHELLE RICCI, et al.,              :   **OPINION**
                                    :
            Respondents.             :
_____

**APPEARANCES:**

Gregory J. Bartholomew, <u>Pro</u> <u>Se</u>
420190/987301A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Roberta DiBiase
Ocean County Prosecutor's Office
119 Hooper Avenue
Toms River, NJ 08753
Attorney for Respondents

**WOLFSON, District Judge**

On November 21, 2011, this Court entered an Opinion and Order dismissing Petitioner's application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as untimely (ECF Nos. 17, 18). On December 27, 2011, Petitioner filed a motion to reopen, which was denied on July 25, 2012 (ECF Nos. 20, 21). Petitioner's appeal to the Court of Appeals for the Third

1

Circuit was dismissed as untimely and for lack of jurisdiction on December 3, 2012 (ECF No. 26).

Thereafter, Petitioner filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) which is now before this Court (ECF No. 27). The motion is unopposed. While Petitioner argues that he is entitled to equitable tolling, and that his petition should be deemed timely, he has not demonstrated that he is so entitled. Nor does he otherwise demonstrate that this Court's prior rulings are in error. Thus, his Rule 60(b) motion must be denied.

## **BACKGROUND**

The procedural history of Petitioner's habeas petition is set forth in the Opinion dismissing his case as untimely (ECF No. 17). In sum, this Court found that Petitioner's conviction became final on December 8, 2003. Prior to filing his post-conviction relief ("PCR") motion in state court, Petitioner expended eight months of the one-year limitations period. During the filing of the PCR motion, the limitations period was tolled; however, after the New Jersey Supreme Court denied certification on the PCR motion, Petitioner expended another twelve months prior to filing this habeas petition. Thus, adding the eight months prior to the PCR motion to the twelve

months thereafter, Petitioner exceeded the one-year limitations period. (ECF No. 17 at pp. 7-8).

In this motion, Petitioner argues that his habeas petition was not untimely because he:

> made every effort to have his PCR filed earlier than the eight months it took. Had it not been for the Office of the Public Defender losing his trial file and pertinent evidence that [was] contained in the file, Movant's PCR would have been filed immediately after the New Jersey Supreme Court denied Certification on his Direct Appeal, thereby statutorily tolling the time limitation.

(ECF No. 27-2, Brief, pp. 9-10). Petitioner further notes that he followed the directive of the Public Defender's Office that he "had one-year to file his habeas corpus petition from July 20, 2009." (Brief, p. 10). He argues that he "should not be faulted for following the instructions of the Public Defender's Office when they misled the Movant into believing he had one-year to file his habeas petition, when in fact, he didn't." (Brief, p. 10).

## DISCUSSION

### A. Motion for Reconsideration

While motions for reconsideration are not expressly permitted by the Federal Rules of Civil Procedure, motions for reconsideration are considered motions to amend or alter a judgment under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Holland v. Simon Property*

*Group, Inc.*, 495 F. App'x 270, 273 (3d Cir. 2012). Here, Petitioner brings his motion for reconsideration under Fed. R. Civ. P. 60(b).

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party ... from a final judgment, order, or proceeding" on the grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) or any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"The general purpose of Rule 60, which provides relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). However, due to the strong interest in the finality of judgments, "relief from a judgment under Rule 60 should be granted only in exceptional circumstances." *Id.* at 977; *Patsy's*

4

*Italian Rest., Inc. v. Patsy's Ristorante Corp.*, CIV. A. 11-05513 (JAP), 2013 WL 885168 (D.N.J. Mar. 8, 2013).

Petitioner contends that he is entitled to relief pursuant to Rule 60(b) "in the interests of justice."[1] He argues that he was misinformed by the Public Defender's Office as to the amount of time he had to file his habeas petition, however, that he was misinformed is not sufficient to toll the limitations period. While the Court of Appeals for the Third Circuit has permitted equitable tolling, such tolling is only appropriate in extraordinary circumstances, such as where it has been established that the petitioner timely asserted his rights in the wrong forum, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied*, 546 U.S. 957 (2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between

---

[1] This Court notes that Petitioner does not set forth any "mistake, inadvertence, surprise, or excusable neglect," nor does he provide an argument of newly discovered evidence, or fraud, misrepresentations, or misconduct by an opposing party, or any other justifiable reason to warrant such extraordinary relief under Rule 60(b).

the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)), *cert. denied*, 539 U.S. 948 (2003).

Petitioner's and counsel's miscalculation of the remaining time on the limitations period does not constitute extraordinary circumstances. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 534 U.S. 944 (2001); *see also Johnson v. Hendricks*, 314 F.3d 159, 161, 163 (3d Cir. 2002), *cert. denied*, 538 U.S. 1022 (2003). Moreover, even if Petitioner was ignorant of the time when the limitations period began to run and when his state court judgment of conviction became final, ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing. *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013). Courts have been loathe to excuse late filings simply because a *pro se* prisoner misreads the law. *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) ("While judges are generally lenient with pro se litigants, the Constitution does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); *see also Jones*, 195 F.3d at 159-60. Attorney error

6

also does not excuse late filing. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 90 (3d Cir. 2013).

In sum, Petitioner offers no excuse, extraordinary or otherwise, to warrant application of equitable tolling. *See Fahy*, 240 F.3d at 244; *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998).

Nor does Petitioner's motion support reopening under Local Civil Rule 7.1(i), which governs motions for reconsideration in the District of New Jersey. *Bowers v. Nat'l. Collegiate Athletics Ass'n*, 130 F. Supp.2d 610, 612 (D.N.J. 2001). Local Rule 7.1(i) allows a party to seek reconsideration of a court's decision if there are "matters or controlling decisions which counsel believes the Judge ... has overlooked." L. Civ. R. 7.1(i); *see also Mendez v. New Jersey State Lottery Comm'n*, Civ. A. No. 11-6932 (FLW), 2013 WL 1629126 at *3 (D.N.J. Apr. 15, 2013) (citing *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp.2d 482, 507 n.12 (D.N.J. 2002)). Reconsideration is "an extraordinary remedy" that is to be granted "very sparingly." *Interfaith Cmty. Org.*, 215 F. Supp.2d at 507.

A motion for such reconsideration may be granted only upon finding: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion ...; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). *See also Andela v. Amer. Ass'n for Cancer Rsch.*, 389 F. App'x 137, 142-43 (3d Cir. 2010)(quoting same). Here, Petitioner fails to provide any basis that this Court "overlooked" a factual or legal issue that could alter the disposition of this matter. Indeed, Petitioner has not presented any 1) changes in controlling law; 2) overlooked factual issues; 3) newly discovered evidence; or 4) clear error of law or fact that would require a different determination by this Court to prevent a manifest injustice. Petitioner's argument for reconsideration is based primarily upon his assertion that he made a mistake as to his calculation of the limitations period due to attorney error. As noted above, this is not sufficient to equitably toll the limitations period.

Furthermore, Petitioner's assertion that his petition is timely was previously rejected by this Court. Local Civil Rule 7.1(i) does not permit parties to restate arguments that the court has already considered. *King v. Schultz*, CIV. A. 08-2850 (NLH), 2012 WL 4505999 (D.N.J. Sept. 27, 2012). Thus, any differences of opinion with this Court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp.2d at 612 (citations omitted); *Florham Park Chevron, Inc.*

*v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Chicosky v. Presbyterian Medical Ctr.*, 979 F. Supp. 316, 318 (D.N.J. 1997); *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). The Court cannot provide Petitioner "with an opportunity for a second bite at the apple." *Tishcio v. Bontex*, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

## CONCLUSION

Based on the foregoing, Petitioner's Motion for Relief pursuant to Rule 60(b) is hereby denied. An appropriate Order accompanies this Opinion.

s/Freda L. Wolfson  
FREDA L. WOLFSON  
United States District Judge

Dated: September 20, 2013