UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY J. BARTHOLOMEW, | : |
| Petitioner, | : Civ. No. 10-3666 (FLW) |
| v. | : |
| MICHELLE RICCI, et al., | : MEMORANDUM OPINION |
| Respondents. | : |

**FREDA L. WOLFSON, U.S.D.J.**

This is Petitioner's second motion seeking relief under Fed. R. Civ. P. 60(b). Petitioner challenges the Court's dismissal of his Petition as untimely under the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"). The gravamen the instant motion is that Petitioner is entitled to equitable tolling because the Office of the Public Defender (1) lost Petitioner's trial file, thus delaying the filing of his petition for post-conviction relief, and (2) misadvised Petitioner that he had one year from the end of his state court proceedings to file his habeas petition, when, in fact, Petitioner had already used approximately eight months of the limitations period between the conclusion of direct review and the filing of his first petition for post-conviction relief ("PCR"). *See* ECF No. 36, at 8-9. For the reasons explained below, the Court denies Petitioner's second application for Rule 60(b) relief as untimely and without merit.

The Court recounts only the relevant procedural history. Petitioner's habeas petition was docketed on July 20, 2010, and is dated July 18, 2010. ECF No. 1, at 83. Following the submission of the Answer, the Court dismissed the Petition without prejudice as untimely November 21, 2011, ECF Nos. 17-18, and provided Petitioner with 45 days in which to reopen the matter and establish a basis for equitable tolling. *See id.* Petitioner moved to reopen the

1

matter, arguing that the limitations period should be equitably tolled due to the actions of the Public Defender's Office in losing his trial file and misinforming him about the statute of limitations for habeas relief. ECF No. 20, Brief at 29-30. The Court denied the Motion to Reopen on July 25, 2012, finding that Petitioner had failed to establish a valid basis for equitable tolling. *See* ECF No. 21.

On February 6, 2013, Petitioner appealed, and the Third Circuit dismissed his appeal for lack of jurisdiction on December 3, 2012. Petitioner subsequently sought relief under Rule 60(b) ("First Rule 60(b) Motion"), and the Court denied his First Rule 60(b) Motion on September 20, 2013. ECF Nos. 29-30. Petitioner filed an untimely appeal, ECF No. 31, which was dismissed for lack of jurisdiction on March 4, 2013. ECF No. 35. Petitioner then filed a second application for Rule 60(b) relief ("Second Rule 60(b) Motion"), *see* ECF No. 36, more than three-and-a-half years after the Court initially dismissed his habeas petition as untimely and nearly three years after the Court denied his Motion to Reopen.

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). "The

decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *United States v. Hernandez*, 158 F.Supp.2d 388, 392 (D. Del. 2001) (quoting *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. *Id.* (citation omitted). What constitutes a "reasonable time" also depends on the subsection of Rule 60(b) under which claimant is trying to proceed. Thus, claims made under clauses (1), (2), and (3) must be brought within one year of the entry of judgment to be timely, but even if they are, they may still be untimely if an unreasonable period of time has passed. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1346, 1346 (3d Cir. 1987). Relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. *Coltec Indus. Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

To the extent Petitioner is moving for relief under any subsection other than Rule 60(b)(6), his claims are plainly time barred. Although a claim for relief under Rule 60(b)(6) has no explicit time limit, Petitioner has provided <u>no basis</u> for this delay in submitting his Second Rule 60(b) motion; nor has he provided any extraordinary circumstances to excuse the delay. Indeed, Petitioner's Second Rule 60(b) Motion raises <u>the same arguments for equitable tolling</u>

3

that Petitioner raised in his Motion to Reopen and his First Rule 60(b) Motion, which were twice rejected by this Court. Petitioner does not rely on any change in decisional law and merely restates the arguments for equitable tolling that he made in his prior motions. Petitioner may not use Fed. R. Civ. P. 60(b) to rehash the same arguments that have already been rejected by this Court. As such, Petitioner has not met the requirements for relief under Rule 60(b)(6).[1]

Finally, Petitioner states that even if the Court determines that his Petition is time barred, his claims raised on appeal of denial of PCR are nevertheless timely, and the Court should reach the merits of those claims. ECF No. 36, Brief at 13. Petitioner is incorrect. Although "the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis[]" *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004), under the circumstances here, the one-year limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and none of the other triggering dates apply. *See* § 2244(d)(1). As such, Petitioner's claims raised on appeal from the denial of PCR are also untimely.

For all these reasons, the Court will deny Petitioner's second Rule 60(b) Motion as untimely and without merit. An appropriate Order follows.

s/Freda L. Wolfson<br>Freda L. Wolfson, U.S.D.J.

October 12, 2018

---

[1] Even if the Court were to reach the merits of Petitioner's Second Rule 60(b) motion, it would find that Petitioner has not established a valid basis for equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (explaining that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the level of 'extraordinary circumstances' required for equitable tolling").